UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

---

**HATEKS HATAY TEKSTIL ISLETMELERI A.S.** )
Yenisehir Mah. Maresal Fevzi Cakmak Cd. )
Cinar Apt. )
Iskenderun, Hatay, TURKEY )
                                                   )   Case No.
                                                   )   1:19-cv-3140
Plaintiff, )
                                                   )
v. )
                                                   )
**HIMATSINGKA AMERICA, INC.** )
261 Fifth Avenue Suite 1400 )
New York, NY 10016 )
                                                   )
Defendant. )
_____)

## COMPLAINT

As and for its complaint in this action, plaintiff Hateks Hatay Tekstil Isletmeleri A.S. (hereinafter "Plaintiff" or "Hateks"), by and through its attorneys, allege as follows:

1. This action arises out of commercial transactions between Hateks and Himatsingka America, Inc. (hereinafter "Defendant" or "Himatsingka"). Himatsingka has failed to honor its payment obligations for goods that have been

1

manufactured by Plaintiff Hateks, shipped to Defendant Himatsingka, and accepted by Defendant Himatsingka without objection. Further, Defendant Himatsingka caused Plaintiff Hateks to manufacture additional goods, the purchase orders for which they canceled without cause. Himatsingka remains indebted to Hateks in the amount of $2,751,669.32 together with interest and the costs of collection and related amounts.

## Parties

2. Plaintiff Hateks is a foreign business corporation organized under the laws of the Republic of Turkey and maintains its principal office in Turkey.

3. Defendant Himatsingka is a Delaware corporation with its principal place of business in New York, New York.

## Jurisdiction and Venue

4. This court has jurisdiction over this matter pursuant to 28 U.S.C. §1332 by reason of the diversity of jurisdiction among the parties and because the amount in controversy is in excess of $75,000, exclusive of interest and costs.

5. Venue is proper in this district under 28 U.S.C. §1391(b) because Defendant resides in this judicial district, and a substantial part of the events or omissions giving rise to Plaintiff's claims occurred here.

## Factual Background

6. Plaintiff Hateks, founded in 1973, engages in the manufacture and export of textile products. Hateks is a public company, listed on the Istanbul Stock Exchange. Defendant Himatsingka is a distributor of textile products.

7. From May 2018 through January 2019, Defendant Himatsingka placed purchase orders for various textile products, which were accepted by Plaintiff Hateks. The purchase orders provided for the periodic shipment of goods from Hateks to Himatsingka, and the periodic payment for such goods by Himatsingka. Copies of purchase orders placed by Himatsingka are attached hereto and incorporated herein as Exhibit 1.

8. From these purchase orders 18 commercial invoices were generated. In addition, Himatsingka had outstanding two debit notes from prior orders.

9. Himatsingka has failed to pay on these overdue commercial invoices and debit notes issued by Hateks from July 17, 2018 through January 22, 2019 pursuant to Purchase Orders starting from May 22, 2018. Copies of the debit notes and commercial invoices are attached hereto and incorporated herein as Exhibit 2.

10. Meanwhile, though withholding payment for goods it had already received, Himatsingka, professing an ability to pay, continued to submit purchase orders for additional goods, causing Hateks to manufacture them for Himatsingka.

11.     Himatsingka has made several partial payments, the last one being made on February 2, 2019, but otherwise has failed to make full payment for the goods it received and accepted without objection. These goods are in the hands of Himatsingka or, on information and belief, they have been sold onward to Himatsingka's retail customers.

12.     The total value of the two unpaid debit notes and 18 commercial invoices for goods Himatsingka received without objection is $1,246,952.60.

13.     Hateks, through its representatives, contacted Himatsingka's representatives several times in writing and orally to request payment. But, payment has not been forthcoming.

14.     Further, as a result of Himatsingka's non-payment and in order to not incur further losses from Himatsingka, Hateks was forced to stop making shipments to Himatsingka of goods Himatsingka specifically requested that Hateks manufacture.

15.     In order to avoid the cost of litigation and a waste of judicial resources, on March 6, 2019, Hateks sent Himatsingka a demand letter via email and overnight courier requesting once more that Himatsingka remit full payment for goods that it had received from Hateks. A 30-day grace period was offered.  Furthermore, Hateks stated that it would ship the remaining goods manufactured on Himatsingka's behalf, pursuant to the purchase orders, upon the payment of the outstanding debt, and proof of Himatsingka's intent to pay for the remaining

4

goods. A copy of the demand letter is attached hereto and incorporated herein as Exhibit 3.

16. Upon receiving the demand letter, defendant Himatsingka informed Hateks that it was cancelling the purchase orders for the already-manufactured goods valued at $1,504,716.72, but offered no response to the request for payment. A list of manufactured goods whose orders were cancelled by Defendant Himatsingka is attached hereto and incorporated herein as Exhibit 4.

17. Himatsingka has failed to honor its payment obligations and remains indebted to Hateks in the amount of $2,751,669.32 together with interest and the costs of collection and related amounts. A chart summarizing the outstanding debit notes, commercial invoices, and cancelled purchase orders and their values is attached hereto and incorporated herein as Exhibit 5.

## First Cause of Action
**(Breach of Contract Under the New York Uniform Commercial Code)**

18. Plaintiff incorporates by reference the allegations in paragraphs 1 through 17 above.

19. The New York Uniform Commercial Code ("UCC") applies because the textile products at issue are "goods" within the meaning of N.Y. U.C.C. § 2-105.

20. Purchase orders issued by Himatsingka and accepted by Hateks represent contractual obligations.

21. Under N.Y. U.C.C. § 2-709(1)(a), a plaintiff is entitled to recover the price of all goods shipped to and accepted by defendant, as documented on Exhibit 1, which is incorporated and repeated herein by reference.

22. By reason of the foregoing, Plaintiff Hateks is entitled to recover the price of the goods shipped to and accepted by Defendant Himatsingka in the amount of $1,246,952.60 together with interest and the costs of collection and related amounts.

## Second Cause of Action
**(Breach of Contract Under the Sale of Goods Convention)**

23. Plaintiff incorporates by reference the allegations in paragraphs 1 through 22 above.

24. Both Turkey and the United States are signatories to the United Nations Convention on the International Sale of Goods (the "CISG" or "Convention"), 1589 U.N.T.S. 2 (1983).

25. At all times relevant hereto, Hateks provided $1,246,952.60 worth of textile products, which were accepted and retained by Himatsingka.

26. At all times relevant herein, Himatsingka has failed to tender payment.

27. Himatsingka, therefore, has breached its contractual obligations under the CISG and Hateks is entitled to recover the price of the goods shipped to and

accepted by Defendant Himatsingka in the amount of $1,246,952.60 together with interest and the costs of collection and related amount.

### Third Cause of Action
### (Account Stated)

28. Plaintiff incorporates by reference the allegations in paragraphs 1 through 27 above.

29. In accordance with the parties' contract terms, Hateks from time to time issued commercial invoices and debit notes to Himatsingka reflecting amounts due and accrued on the manufacture of textile products contracted by Himatsingka. These invoices and debit notes reflected the full and true account of these textile products and were received and accepted without objection by Himatsingka, which made partial but not full payment.

30. As a result, an account has been stated between plaintiff Hateks, and Himatsingka which has a balance of $1,246,952.60, together with interest and the costs of collection and related amounts, owing to plaintiff. Himatsingka has not asserted any defenses to this account stated. Himatsingka is liable to Hateks for the full amount.

### Fourth Cause of Action
### (Breach of Contract Under the Sale of Goods Convention for the Manufactured Goods Whose Orders Were Later Canceled by Defendant)

31. Plaintiff incorporates by reference the allegations in paragraphs 1 through 30 above.

32. Both Turkey and the United States are signatories to the CISG.

33. Under Article 23 of the CISG, a contract is concluded at the moment when an acceptance of an offer becomes effective in accordance with provisions of the Convention. Hateks accepted each purchase order placed by Himatsingka, therefore concluding enforceable contracts.

34. Pursuant to Article 71 of the CISG, Hateks has suspended the performance of its obligations, the shipment of the goods, based on the non-payment of the prior shipments and a serious deficiency in Himatsingka's creditworthiness.

35. In its demand letter, Hateks gave notice of the suspension to Himatsingka, and stated that Hateks would continue with performance, shipping the remaining goods manufactured for Himatsingka, if Himatsingka provides adequate assurance of payment.

36. Upon receiving the demand letter, Himatsingka cancelled the purchase orders related to the goods already-manufactured by Hateks for Himatsingka.

37. At all times relevant hereto, Hateks manufactured $1,504,716.72 worth of textile products, in reliance on the purchase orders placed, and later cancelled, by Himatsingka.

38.     Himatsingka, therefore, has breached its contractual obligations under the CISG and Hateks is entitled to recover the price of the goods manufactured on Defendant Himatsingka's behalf in the amount of $1,504,716.72 together with interest and the costs of collection and related amount.

### Fifth Cause of Action
**(Promissory Estoppel)**

39.     Plaintiff incorporates by reference the allegations in paragraphs 1 through 38 above.

40.     Defendant made a clear and definite promise to pay Plaintiff for goods manufactured for Defendant, totaling $1,504,716.72.

41.     Plaintiff reasonably relied on defendant's promise in having the goods specially manufactured for defendant.

42.     Plaintiff manufactured the goods pursuant to purchase orders, which were cancelled by Defendant in apparent retaliation upon receiving the demand letter.

43.     Plaintiff has therefore been suffered a definite and substantial detriment as a result of its reliance upon defendant's promise in the amount of $1,504,716.72.

WHEREFORE, plaintiff respectfully demands judgment against defendant as follows:

On the First Cause of Action against Himatsingka in the amount of $1,246,952.60, together with interest and the costs of collection and related amounts.

In the alternative, on the Second Cause of Action against Himatsingka in the amount of $1,246,952.60, together with interest and the costs of collection and related amounts.

In the alternative, on the Third Cause of Action against Himatsingka in the amount of $1,246,952.60, together with interest and the costs of collection and related amounts.

On the Fourth Cause of Action against Himatsingka in the amount of $1,504,716.72 together with interest and the costs of collection and related amounts.

In the alternative, on the Fifth Cause of Action against Himatsingka in the amount of $1,504,716.72 together with interest and the costs of collection and related amounts.

Dated: Washington, District of Columbia

April 9, 2019

10

SALTZMAN & EVINCH, PLLC

By: \_\_\_\_\_/s/_____

David S. Saltzman
(Motion for Admission Pro Hac Vice Pending)
D.C. Bar No. 436201

Attorney for Plaintiff
1050 K Street NW Suite 1150
Washington, DC 20001
(202) 372-0092
Email: dsaltzman@saltzmanevinch.com

11